[55 NYS3d 669]

In the Matter of IAN M. FIELDS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 12, 2017

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On March 23, 2017, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition and a verified petition dated March 9, 2017, and duly filed those papers with this Court together with an affidavit of service. The petition contains 19 charges alleging, among other things, that the respondent neglected client legal matters; misled clients and/or failed to apprise clients of the status of their legal matter; failed to act with reasonable diligence; failed to refund unearned fees; failed to provide clients with a statement of client's rights and responsibilities prior to entering into a written retainer agreement; failed to properly withdraw from representation; failed to re-register and to amend his registration information with the Office of Court Administration; and failed to cooperate with the Grievance Committee in multiple investigations. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. The motion papers were served upon the respondent on April 18, 2017, and proof of service was filed with the Court. To date, the respondent has failed to submit papers in response to the instant motion or to file an answer to the verified petition.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Ian M. Fields, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Ian M. Fields, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ian M. Fields, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ian M. Fields, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).